UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBERT T. HOUSER, et al.,** | CASE NO. 1:21CV915 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | **OPINION AND ORDER** |
| **POWERDOT, INC., et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #135) of Defendants/Counterclaimants PowerDot, Inc. and Therabody, Inc. to File First [sic] Amended Counterclaims. For the following reasons, the Motion is granted.

## I. BACKGROUND

Allegedly seeking to expand its presence into the healthcare sector of the market for electrical muscle stimulation devices, PowerDot pursued the prospect of working with Plaintiff Robert Houser to access Plaintiff NeuroBridge's intellectual property and jumpstart the development of its new product – the PowerDot MT. Consequently, in early April 2020, NeuroBridge and PowerDot entered into a Strategic Consulting Agreement. In exchange for NeuroBridge's assistance in the marketing and sale of PowerDot products in the eastern United States, PowerDot would pay NeuroBridge a $15,000 monthly fee along with a 20% commission on sales revenue.

On July 14, 2020, Houser signed an Employment Agreement with PowerDot, agreeing to

serve as "President PowerDot Healthcare" and to report to the CEO.  PowerDot committed to employ Houser "for a term of at least nine (9) months," commencing on August 1, 2020 and ending on May 1, 2021, after which Houser's employment became at-will.

If PowerDot terminated Houser "without cause" or if Houser resigned "with good reason" after his nine-month initial term, the Employment Agreement provided him with severance benefits, including payment of his then-current salary, continuance of health insurance premiums for an additional nine-month period and Time-Based Option Shares calculated as if he had completed an additional nine months of continuous service.

On March 29, 2021, PowerDot's counsel sent Houser a letter, terminating his employment "with cause" under section 6(e) of his Employment Agreement.  PowerDot purportedly had cause to terminate Houser based upon the discovery of an undisclosed Paycheck Protection Program ("PPP") loan Houser obtained for his wholly-owned side business, Buckeye 88 Consulting, LLC; and because of Houser's evasiveness and lack of cooperation with PowerDot's investigation of suspected PPP fraud.

On April 15, 2021, Defendant Therabody, Inc. acquired PowerDot.  PowerDot became a subsidiary; and subsequently was dissolved.

The above-captioned lawsuit was instituted on May 3, 2021.  Following the Court's ruling on PowerDot's Motion to Dismiss, PowerDot filed its Answer and Counterclaims alleging Breach of Contract; Breach of Fiduciary Duty; and Conversion.  Plaintiffs Houser and NeuroBridge filed their Second Amended Complaint on September 16, 2022, adding Therabody, Inc. as a Defendant and primarily alleging Breach of Contract; Fraud in the Inducement; and Defamation.  On November 2, 2022, PowerDot and Therabody filed their Answer and

Affirmative Defenses; but did not re-assert their Counterclaims. Then, on October 31, 2023, the Court granted Defendants leave to amend their Answer and to include Counterclaims. On November 7, 2023, Defendants filed their Amended Answer to Second Amended Complaint, Affirmative Defenses and Amended Counterclaims (ECF DKT #85).

Before the Court currently is the Motion (ECF DKT #135) of Defendants for Leave to File Amended Counterclaims to add a further claim against Houser for Fraudulent Inducement of Employment. Plaintiffs filed an Opposition Brief (ECF DKT #139) and Defendants submitted their Reply Brief (ECF DKT #146).

## II. LAW AND ANALYSIS

**Motion to Amend**

Fed.R.Civ.P. 15(a)(2) reads in part: "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir. 2002). Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion

of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

Defendants seek leave to add a counterclaim against Houser for fraudulent inducement of employment based upon facts they claim to have recently learned in depositions conducted in January and February of this year.

Plaintiffs object to this request as tardy because discovery, aside from that related to intellectual property claims, closed at the end of April. Although Defendants insist that they require no further discovery, Houser contends that he should be entitled to test the truth of the allegations and may need third party depositions to do so. Plaintiffs will be prejudiced because the amendment would necessitate the formulation of additional defenses to the new claim.

Plaintiffs further argue that the amendment is unnecessary because Defendants asserted the affirmative defense of Fraudulent Inducement in their November 2023 Answer.

Plaintiffs also argue futility, particularly as to Defendants' proposed remedy of rescission. Defendants benefitted from Houser's efforts during his employment, incorporated Plaintiffs' IP into their product and irreparably damaged Houser's reputation with accusations of "serial" fraud. Plaintiffs contend, therefore, that they can never be returned to the original position they held prior to the employment contract.

The Court is troubled that this case is winding its way exceedingly slowly since its inception in May of 2021.  However, considering all the applicable legal principles and the particular facts of this litigation, the Court is inclined to allow Defendants' proposed amended counterclaim.

Plaintiffs have not clearly demonstrated undue prejudice.  Plaintiffs were put on notice of the Fraudulent Inducement issue with the assertion of the Affirmative Defense in November of 2023.  Defendants satisfactorily explain that the recent depositions provided them with the particularity the Civil Rules require for stating a fraud claim.  At this time, there is no trial date or dispositive motion deadline.  Plaintiffs were not "caught off guard" with a totally new theory requiring substantial additional efforts to litigate.

Plaintiffs contend that the amendment is barred by futility.  Plaintiffs argue that the facts do not support the rescission remedy which Defendant seek for the alleged fraud.  However, that is not to say that the Fraudulent Inducement claim could be defeated by a 12(b)(6) motion.

Plaintiffs also assert that undue delay prohibits the amendment.  However, Defendants maintain that the necessary supporting facts were gleaned from depositions completed early this year.  The Court notes that **both** parties informally, improperly and unilaterally agreed to delay fact depositions until urged to move forward by the Court in October of 2023.  (See Order ECF DKT #84).  Thus, Plaintiffs cannot legitimately be heard to complain about undue delay.

In the instant situation, the Court believes that all of the key factors to be considered weigh in favor of allowing Defendants to amend.  Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnston*, 413 F.App'x 804, 819 (6th Cir. 2011).  Any dispute over the viability of Defendants'

Fraudulent Inducement Counterclaim is more appropriately addressed through dispositive motion practice and not by a challenge to a pleading amendment.

### III. CONCLUSION

Therefore, the Motion (ECF DKT #135) of Defendants/Counterclaimants PowerDot, Inc. and Therabody, Inc. to File First [sic] Amended Counterclaims is granted. Furthermore, the Motion (ECF DKT #136) of Defendants/Counterclaimants for Leave to File and Maintain Documents Under Seal is also granted. Defendants shall file their amended pleading by June 17, 2024.

**IT IS SO ORDERED.**

**DATE: June 10, 2024**

                                                  s/Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **UNITED STATES DISTRICT JUDGE**